**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph P. Kealy, et al., | ) | No. CV-05-0911-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Carolina Casualty Ins. Co., et al., | ) | |
| Defendants. | ) | |

The court has before it plaintiffs' motion for attorney's fees (doc. 81) and memorandum in support (doc. 103), defendants' response (doc. 110), and plaintiffs' reply (doc. 116). We also have before us defendants' motion for attorney's fees (doc. 82), memorandum in support (doc. 120), plaintiffs' response (doc. 121), and defendants' reply (doc. 122).

The parties have presented cross-motions for attorney's fees pursuant to A.R.S. § 12-341.01, which provides that, "[i]n any contested action arising out of contract . . . the court may award the successful party reasonable attorney's fees." The court makes this determination by considering the "totality of the circumstances and the relative success of the litigants." McAlister v. Citibank, 171 Ariz. 207, 216, 829 P.2d 1253, 1262 (Ct. App. 1992). If the resolution of the action leaves no clear victor, the court may find there are no successful parties. See Bank One, Arizona v. Rouse, 181 Ariz. 36, 41, 887 P.2d 566, 571

1  (Ct. App. 1994) (court has discretion to determine that there was no "clear successful party"

2  where the verdict was for one party in part and for the other in part).

3          This action involved insurance coverage for two underlying lawsuits–the "Wojtunik"

4  and "Delgado" lawsuits–as well as claims for bad faith and punitive damages in connection

5  with both lawsuits.  On January 17, 2007, we found in favor of plaintiffs on one claim,

6  concluding that there was coverage for the Wojtunik lawsuit, and in favor of defendants on

7  the other claim, concluding that there was no coverage for the Delgado lawsuit (doc. 35).

8  The parties thereafter stipulated to the dismissal of the bad faith and punitive damages

9  claims.

10          Because the judgment was in favor of plaintiffs on one claim and in favor of

11  defendants on the other claim, neither party is the "successful party" within the meaning of

12  the statute.  Although there is not complete identity of parties on each of the claims, there is

13  significant overlap in legal theories.  Neither party makes an effort to accurately allocate fees

14  between the two claims–plaintiffs simply assert a claim for all fees incurred, while

15  defendants suggest reducing their fees by half–making it impossible to reasonably

16  "apportion[ ] costs between winning and losing efforts."  See Watson Constr. Co. v. Amfac

17  Mortg. Corp., 124 Ariz. 570, 585, 606 P.2d 421, 436 (Ct. App. 1979).  Accordingly, we

18  conclude that there is no clear successful party and decline to award attorney's fees.  Each

19  party shall bear their own fees and costs.

20          **IT IS THEREFORE ORDERED DENYING** plaintiffs' motion for attorney's fees

21  (doc. 81), and **DENYING** defendants' motion for attorney's fees (doc. 82).

22          DATED this 12th day of September, 2007.

23

24

25

26          Frederick J. Martone
                United States District Judge

27

28

- 2 -